42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re FAMILY RESORTS OF AMERICA, INC., Debtor.
Philip ZIMMERMAN, Trustee, Plaintiff-Appellee,
v.
Baird RONK, Defendant-Appellant.
 No. 93-4317.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1994.
 
 Before: LIVELY, NELSON and SILER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The trustee for the bankrupt Family Resorts of America, Inc. obtained a judgment in bankruptcy court against Baird Ronk in the amount of $7,208,437 following a lengthy trial before the bankruptcy judge. Ronk appealed to the district court raising three issues. First, he argued that the judgment was against the manifest weight of the evidence and was contrary to law. Second, he contended that the bankruptcy court had previously dismissed him as a defendant by an oral order but thereafter had refused to sign an order of dismissal. Third, he argued that the bankruptcy court committed prejudicial error in denying his motion for continuance of the trial in March 1993.
 
 
 2
 The district court found that it was unable to determine if the judgment of the bankruptcy court is against the manifest weight of the evidence because Ronk did not cause a transcript of the trial in bankruptcy court to be transmitted to the district court. The district court found no transcript among the documents submitted. On the basis of the record, the district court found that Ronk breached his fiduciary duty to the bankrupt debtor by abdicating his position as director of Family Resorts of America, Inc. and permitting the "Executive Board and Executive Committee" to take actions detrimental to the interests of investors in Family Resorts, resulting in large financial losses.
 
 
 3
 The district court found that Ronk was liable both in his capacity as a director and as the treasurer of Family Resorts. The evidence, including Ronk's own testimony, demonstrated that he failed in the most fundamental duties of a corporate treasurer. The district court based its finding of liability both on the common law of Ohio and on a statute, Ohio Revised Code Sec. 1701.59(B). The district court concluded that the bankruptcy court correctly relied upon these two sources of law as establishing Ronk's fiduciary duty as an officer and director.
 
 
 4
 Ronk argued in the district court that an amendment to Ohio Revised Code Sec. 1701.59, codified as Sec. 1701.59(D), applied to relieve him of liability because he was merely negligent and had not acted with deliberate intent to cause injury to Family Resorts or its investors. Ohio Revised Code Sec. 1701.59(D) became effective in November 1986, whereas the record indicated that Ronk's serious breach of fiduciary responsibilities occurred prior to that time. The amendment was not made retroactive by the legislature and, under Ohio law, in the absence of such a legislative determination, would not be applied retroactively by the courts. Furthermore, Sec. 1701.59(D) refers only to directors, relieving them of liability for mere negligence. The amendment in no way affects Ronk's liability as an officer.
 
 
 5
 We agree with the district court that the judgment of the bankruptcy court was not against the manifest weight of the evidence, and find that the district court properly analyzed the relationship of the two subsections of Sec. 1701.59.
 
 
 6
 The claim that the bankruptcy court committed reversible error by not dismissing Ronk as a defendant after earlier indicating orally that an order of dismissal would be entered has no merit. First, there is no indication in the record that the bankruptcy court ever announced its intent to dismiss Ronk. Furthermore, even if the court reached a preliminary determination that Ronk should be dismissed, it acted within its inherent authority in reexamining that determination and, prior to entry of final judgment, denying the motion to dismiss Ronk.
 
 
 7
 Finally, the district court held that the bankruptcy court did not abuse its discretion in denying a motion for continuance filed by Ronk on March 5, 1993, when trial had been scheduled on February 18, 1993, to begin on March 11, 1993. The bankruptcy judge conducted a hearing on the motion and concluded that even though Ronk was about 80 years old and in poor health, there was no showing that a continuance would enable Ronk's health to improve to such a degree that he would be able to participate in the trial at a later date. Ronk had given two depositions in the case and the bankruptcy judge stated although it was regrettable that Ronk could not be present, the case had been pending for several years and numerous parties and witnesses were available and ready for trial. The bankruptcy court did not abuse its discretion in denying a motion for continuance under these circumstances.
 
 
 8
 Having reviewed the district court's disposition of the three issues raised on appeal, we conclude that the court correctly decided each of the issues. Accordingly, the judgment of the district court is AFFIRMED.